NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHARLES HARRIS, JR.,

        Plaintiff,

v.

LT. LATAMORE and OFFICER JOHN DOE,

        Defendants.

Civil Action No.: 07-5299 (JLL)

**OPINION**

**LINARES, District Judge.**

The instant matter comes before the Court on the March 25, 2008, motion of Defendant Ronald S. Lattimore[1] ("Defendant" or "Lattimore") to dismiss the Complaint of Charles Harris, Jr. ("Plaintiff" or "Harris"). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Defendant's motion to dismiss is granted.

## INTRODUCTION

Harris was arrested in the City of Plainfield, New Jersey, on November 12, 2005. (Compl. at 6.) During his arrest, he claims that he was injured and that he was treated for "torn tendons" in his right knee at the hospital prior to being returned to the police station. (Id.) Upon his return to the police station, Harris requested assistance in walking inside; his request was denied by a police officer. (Id.) Harris proceeded to attempt to walk and collapsed. (Id.) After

---

[1] Defendant asserts that Ronald S. Lattimore is the individual pled by Plaintiff as Lt. Latamore.

his collapse, the unnamed police office summoned an ambulance, but the paramedics were made to carry Harris into a cell in the police station by Lattimore, and were not permitted to take Harris to the hospital. (Id.) Harris eventually found out that he had tendon damage in his left knee in addition to the right knee. (Id.)

Harris filed his Complaint in this Court on November 1, 2007, alleging discrimination under 42 U.S.C. § 1983. (Compl. at 3.) Defendant Lattimore argues that Harris's Complaint should be dismissed solely on the basis of issue preclusion. (Def. Br., unpaginated.) The basis for this assertion is an order dismissing a previous case filed in New Jersey Superior Court for failure to comply with the notice provision of New Jersey's Tort Claims Act, N.J.S.A. § 59:8-8. (Id.)

## DISCUSSION

The Full Faith and Credit Statute requires that this Court give force and effect to a state court judgment to the same extent that the judgment would apply in its home state. 28 U.S.C. § 1738; Delaware River Port Auth. v. Fraternal Order of Police, 290 F.3d 567, 573 (3d Cir. 2002). New Jersey requires that a litigant satisfy the following five elements before it will apply the doctrine of issue preclusion (generally termed collateral estoppel): (1) that the issues be identical in the former and the current proceedings, (2) that the issue was actually litigated in the prior proceeding, (3) that the prior court issued a final judgment on the merits, (4) that the determination of the issue was essential to the prior judgment, and (5) that the party against whom preclusion is asserted is the same party or is in privity with the party in the previous proceeding. Matter of Estate of Dawson, 641 A.2d 1026, 1035 (N.J. 1994).

This Court, in addressing Defendant's motion to dismiss, need not look beyond the issue

litigated in the prior action. The Opinion of New Jersey Superior Court Judge Brock dismisses Harris's state action for failure to file a notice within ninety days pursuant to the New Jersey Tort Claims Act. N.J.S.A. § 59:8-8; Harris v. Haymen, No. 1865-07 (N.J. Super. Ct. Law Div. July 11, 2007). While Judge Brock's opinion provides a detailed examination of the workings of the Tort Claims Act's notice requirements, that issue is inapposite to the matter at hand. Harris's instant claim is brought pursuant to 42 U.S.C. § 1983, and it is well-settled that notice provisions of state tort claims acts cannot, in general, act to bar such claims. Felder v. Casey, 487 U.S. 131, 134 (1988); Pennsylvania Med. Soc'y v. Marconis, 942 F.2d 842, 848 (3d Cir. 1991) (interpreting Felder). But see 42 U.S.C. § 1997e(a) (requiring prisoners challenging conditions of detention to administratively exhaust claims prior to filing 42 U.S.C. § 1983 claims).[2] The sole issue decided by Judge Brock in the prior action—whether Harris's suit should be dismissed for noncompliance with the notice provision of the state Tort Claims Act—is therefore a distinct legal inquiry from any that will occur in this matter, because N.J.S.A. § 59:8-8 does not apply to § 1983 actions.

Furthermore, to the extent that the Full Faith and Credit Act requires that a state court judgment receive the same respect that it would in its state of origin, this Court finds that New Jersey has long recognized that § 1983 actions cannot be barred by the Tort Claims Act notice provision of N.J.S.A. § 59:8-8. Fuchilla v. Layman, 537 A.2d 652, 657-58 (N.J. 1988) (refusing to apply Tort Claims Act notice in § 1983 case); Greenway Dev. Co. v. Borough of Paramus, 750 A.2d 764, 770 (N.J. 2000) (applying Felder in takings clause context). New Jersey courts would

---

[2]Defendant has not articulated a defense related to 42 U.S.C. § 1997e(a) on the instant motion.

thus also fail to apply the Tort Claims Act's notice provision to bar a later action based upon § 1983, as the notice provision cannot bar such a later action under the principles of collateral estoppel or issue preclusion.  This Court, therefore, finds that the issue decided by Judge Brock in the prior state court action by Harris is legally distinguishable from the issues presented in this case, and, therefore, Defendant's motion is denied for failure to meet the "same issue" element of the New Jersey test for collateral estoppel.  <u>Matter of Estate of Dawson</u>, 641 A.2d at 1035.

## CONCLUSION

For the forgoing reasons, this Court denies Defendant's motion in its entirety.  An appropriate Order accompanies this Opinion.


DATED: July 28, 2008                                           /s/ Jose L. Linares
                                                                          United States District Judge